# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

WILLIAM GILBERT GLASSPOOLE

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  05-cr-00279-MSK-02

USM Number:  33553-013

Matthew C. Golla, AFPD
(Defendant's Attorney)

**THE DEFENDANT:**  Pleaded guilty to count 2 of the Indictment.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i) | Use of Unauthorized Access Devices | 02/15/05 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

March 9, 2006
_____
Date of Imposition of Judgment

s/Marcia S. Krieger
_____
Signature of Judge

Marcia S. Krieger, U.S. District Judge
_____
Name & Title of Judge

March 16, 2006
_____
Date

DEFENDANT:  WILLIAM GILBERT GLASSPOOLE
CASE NUMBER:  05-cr-00279-MSK-02                                    Judgment-Page 2 of 6

## PROBATION

The defendant is hereby placed on probation for a term of four (4) years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page. (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1)      The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)      The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3)      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)      The defendant shall support his dependents and meet other family responsibilities.

5)      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6)      The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)      The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)     The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

DEFENDANT:  WILLIAM GILBERT GLASSPOOLE
CASE NUMBER:  05-cr-00279-MSK-02                                     Judgment-Page 3 of 6

11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)   The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)   The defendant shall be placed on home detention for a period of 4 months, to commence within 21 days of sentencing.  During this period, he shall remain at his place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones. He  shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

2)   The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

3)   The defendant shall perform 200 hours of community service as directed by the probation officer.  The defendant will submit to his probation officer a proposal for how he will fulfill his community service obligation of 200 hours.

DEFENDANT:  WILLIAM GILBERT GLASSPOOLE
CASE NUMBER:  05-cr-00279-MSK-02                                          Judgment-Page 4 of 6

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 2 | $100.00 | $2,000.00 | $0.00 |
| **TOTALS** | $100.00 | $2,000.00 | $0.00 |

Interest on the fine will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

DEFENDANT:  WILLIAM GILBERT GLASSPOOLE
CASE NUMBER:  05-cr-00279-MSK-02                                  Judgment-Page 5 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The $100.00 special assessment fee is due in full immediately.  The defendant is to pay the $2,000.00 fine at a rate of $85.00 per month if not paid immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) fine principal.

DEFENDANT:  WILLIAM GILBERT GLASSPOOLE
CASE NUMBER:  05-cr-00279-MSK-02                                    Judgment-Page 6 of 6

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  10

Criminal History Category:  III

Imprisonment Range:  10 to 16 months

Supervised Release Range:  2 to 3 years

Fine             $2,000   to   $20,000
Range:

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  None.

**DEPARTURE**

The sentence departs below the advisory guideline range for the following reasons:

Either downward departure of two levels under Section 5H1.4 is appropriate; or if it's not appropriate, a non-guideline sentence is appropriate to accomplish the objective requested by the defense and recommended by the probation department.